No. 20-5113

IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

STEPHEN PARMENTER,
*Plaintiff/Appellant,*
v.
CITY OF NOWATA, OKLAHOMA,
*Defendant/Appellee.*

APPEALED FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
4:19-CV-431-TCK-JFJ

Honorable Terence C. Kern
*Senior United States District Judge*

BRIEF IN CHIEF OF APPELLANT

Steven R. Hickman, OBA #4172
Frank W Frasier, OBA #17864
FRASIER, FRASIER & HICKMAN, LLP
1700 Southwest Blvd.
Tulsa, OK 74107
Phone: (918) 584-4724
Fax:  (918) 583-5637
E-mail: frasier@tulsa.com
**Attorneys for Appellant/Plaintiff**

*Oral Argument Requested*                                  December 6, 2021

# TABLE OF CONTENTS

*Page*

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iv

PRIOR OR RELATED APPEALS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

STATEMENT OF JURISDICTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  viii

STATEMENT OF ISSUES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ix

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE UNDERLYING RELEVANT FACTS. . . . . . . . . . . . . . . 2

      Complaints against Plaintiff and Termination. . . . . . . . . . . . . . . . . . . . . . . . 2
      Laws and Policies . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ARGUMENTS AND AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

PROPOSITION I: Plaintiff Had a Property Interest in His Job .. . . . . . . . . . . . . . 7

      A.      Standard of Review; Where raised in record. . . . . . . . . . . . . . . . . . . 7
      B.      Plaintiff had a protected property interest in his job. . . . . . . . . . . . 10

PROPOSITION II: The Trial Court Erred in Determining that Plaintiff
Had Received All the Process He Was Due and That He Was Properly
Terminated . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

      A.      Standard of Review; Where raised in record. . . . . . . . . . . . . . . . . . 15
      B.      Plaintiff did not receive all process to which he was due. . . . . . . . 18
      C.      The trial erred in determining as a matter of law Plaintiff was
              terminated for cause. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . 26

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

CERTIFICATE OF DIGITAL SUBMISSION AND PRIVACY
REDACTIONS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

APPENDIX:
    1.    Opinion and Order, 11/4/20. . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-1
    2.    Judgment, 11/4/20.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-8
    3.    11 O.S. § 29-104. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-9
    4.    11 O.S. § 13-101. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-10
    5.    11 O.S. § 13-109. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-12
    6.    11 O.S. § 1-102. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-14

## TABLE OF AUTHORITIES

<u>**Cases**</u>:                                                                                     <u>**Page**</u>

*Anderson v. Coors Brewing Company,* 181 F3d 1171 (10th Cir. 1999). . . . . . . . . 20

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct.
2505, 91 L.Ed.2d 202 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 16, 23

*Barnthouse v. City of Edmond,* 2003 OK 42, ¶ 18, 73 P3d 840. . . . . . . . . . . . . . 21

*Benavidez v. City of Albuquerque,* 101 F2d 620, 626f (10th Cir. 1996). . . . . . . . . 21

*Bishop v. Wood,* 426 U.S. 341, 344, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). . . . . 10

*City of Chickasha v. Arkansas Louisiana Gas Co.,* 1981 OK Civ App 5,
625 P2d 638. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*City of Durant v. Cicio,* 2002 OK 52, 50 P3d 218. . . . . . . . . . . . . . . . . . . 10, 12, 14

*City of Owasso v. FOP, Lodge 149,* 2014 OK Civ App 75, 336 P3d 1023. . . . . . 24

*City of Tulsa v. FOP, Lodge 93,* 2016 OK Civ App 4, ¶ 11, 365 P3d 82. . . . . . . 24

*Cleveland Board of Education v. Loudermill,* 570 U.S. 532, 105 S.Ct. 1487,
84 L.Ed.2d 494 (1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . viii, ix, 19, 20

*Cottrell v. Kaysville City,* 994 F2d 730 (10th Cir. 1993). . . . . . . . . . . . . . . . . . 8, 17

*Ewing v. Amoco Oil Co.,* 823 F2d 1432 (10th Cir. 1987). . . . . . . . . . . . . . . . . 8, 15

*First National Bank of Bethany v. American General Fire & Casualty Co.,* 927
F2d 1126 (10th Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 15

*First National Supermarkets, Inc. v. Retail, Wholesale and Chain Store Food
Employees,* 118 F3d 892 (2nd Cir.1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Frohmader v. Wayne,* 958 F2d 1024 (10th Cir. 1992). . . . . . . . . . . . . . . . . . . 8, 15

*Hall v. O'Keffe,* 1980 OK 180, P2d 196. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 12

*Lawton v. IUPA, Local 24,* 2000 OK Civ App 2, 996 P2d 954. . . . . . . . . . . . . . . 10

*Maryland v. Kulbicki,* 577 U.S. 1, 136 S.Ct. 2, 193 L.Ed.2d 1 (2015).. . . . . . . . . 16

*Merrifield v. Board of County Commissioners,* 654 F3d 1073
(10th Cir. 2011).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 15

*Mock v. TG&Y Stores Co.,* 971 F2d 522 (10th Cir. 1992) . . . . . . . . . . . . . . . . . 7, 15

*National Football Scouting, Inc. v. Continental Assurance Co.,*
931 F2d 646 (10th Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 17

*Norton v. Liddel,* 620 F2d 1375 (10th Cir. 1980). . . . . . . . . . . . . . . . . . . . . . . . . . 9

*O'Shea v. Yellow Technology Services, Inc.,* 185 F3d 1093 (10th Cir. 1999).  . 7, 15

*Plotke v. White,* 405 F3d 1092 (10th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . 9, 17

*Powell v. Mikulecky*, 891 F2d 1454 (10th Cir. 1989). . . . . . . . . . . . . . . . . . . . . . . 21

*Redhouse v. Quality Ford Sales, Inc.,* 511 F2d 230 (10th Cir. 1975). . . . . . . . . 9, 17

*Riggins v. Goodman,* 572 F3d 1101 (10th Cir. 2009). . . . . . . . . . . . . . . . . . . . . 20, 21

*Seibert v. State ex rel. OU Health Sciences Ctr.*, 867 F2d 591 (10th Cir. 1989). . 21

*Tademy v. Union Pacific Corp,* 520 F3d 1149 (10th Cir. 2008). . . . . . . . . . . . . . 15

*Teva Pharmaceuticals USA, Inc. v. Sandoz, Inc.,* 574 U.S. 318,
125 S.Ct. 831, 190 L.Ed.2d 719 (2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Tolan v. Cotton,* 572 U.S. 650, 134 S.Ct. 1861, 88 L.Ed.2d 895 (2014). . . . . . . 16

*Trainor v. Apollo Metal Specialties,* 318 F3d 926 (10th Cir. 2002). . . . . . . . . . 9, 17

*U.S. v. Badger*, 818 F3d 563 (10th Cir. 2016). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*West v. Grand County,* 967 F2d 362 (10th Cir. 1992). . . . . . . . . . . . . . . . . . . . 10, 21

*Wilson v. City of Tulsa,* 2004 OK Civ App 44, 91 P3d 673. . . . . . . . . . . . . . . . 10

**Statutes**:

11 O.S. § 1-102(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 14

11 O.S. § 10-113(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

11 O.S. § 13-101. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

11 O.S. § 13-109. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 10, 11, 13, 14

11 O.S. § 29-104. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ix, 6, 10, 12, 13, 14

28 U.S.C. § 1291. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . viii

28 U.S.C. § 1331. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . viii

28 U.S.C. § 1367. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . viii

42 U.S.C. § 1983. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . viii, 1

**Other**:

Nowata City Code § 2-302. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Nowata City Charter § 26B(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Daugherty, *Enterprise Wire Co.*, 46 LA 395 (1966). . . . . . . . . . . . . . . . . . . . 24

## PRIOR OR RELATED APPEALS

There are no prior or related appeals.

## STATEMENT OF JURISDICTION

The district court jurisdiction in this case was invoked under 28 U.S.C. § 1331, federal question jurisdiction, and § 1367, supplemental jurisdiction.  The federal law at issue included 42 U.S.C. § 1983.  Plaintiff sued as a former employee of Defendant who could be terminated only for cause, giving him a property right in his employment.  He sued for being terminated without proper cause and without pre- and post-termination safeguards required by *Cleveland Board of Education v. Loudermill* and its progeny.  Aplt. App. at 7.

This court has jurisdiction of this appeal in that it is from a final order of the district court.  28 U.S.C. § 1291.   Aplt. App. at 141: this judgment disposed of all claims between the parties.

The judgment was entered on the docket on November 4, 2020.  Aplt. App. at 141.  Plaintiff filed his notice of appeal on December 4, 2020.  Aplt. App. at 142.

## STATEMENT OF THE ISSUES

1.    Whether the district court erred in considering that 11 O.S. § 29-104 was in

conflict with Defendant's charter and overruled by the home rule doctrine?

2.    Whether the district court erred when it determined that Plaintiff had

received appropriate pre- and post- termination process under *Cleveland*

*Board of Education v. Loudermill* and its progeny?

3.    Whether the district court erred in determining as a matter of law that

Plaintiff's transgressions so egregious that no reasonable decision maker

could conclude anything other than that termination was the answer?

4.    Whether the trial court erred in not taking all facts in a light most favorable

to Plaintiff, as the opponent to summary judgment?

IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

STEPHEN PARMENTER,                    )
                                      )
            Plaintiff/Appellant,      )
                                      )
v.                                    )          Case No. 20-5113
                                      )
CITY OF NOWATA, OKLAHOMA,             )
                                      )
            Defendant/Appellee.       )

**BRIEF IN CHIEF OF APPELLANT**

COMES NOW Stephen Parmenter, Plaintiff/Appellant, and for his brief in

chief on appeal states:

**STATEMENT OF THE CASE**

Plaintiff sued his former employer, Defendant, an Oklahoma municipality,

for terminating him without just cause, and not giving him appropriate pre- and

post-termination procedures, all as protected by federal law through 42 U.S.C. §

1983 and by state law.  Aplt. App. at 7-8.

After discovery, Defendant moved the court for summary judgment, to

which Plaintiff responded and Defendant replied.  Aplt. App. at 13ff, 70ff and

92ff.

The district court granted summary judgment on all claims in its Opinion and Order, and contemporaneously filed a Judgment in favor of Defendant.  Aplt. App. at 134ff, 141.

This appeal then commenced.  Aplt. App. at 142.

## STATEMENT OF THE UNDERLYING RELEVANT FACTS

### Complaints against Plaintiff and Termination

Plaintiff was the fire chief for the City of Nowata until terminated on April 8, 2019.  Aplt. App. at 56.  That termination was by letter that indicated no more than that it was "for the good of the service" and also "in my [city manager's] opinion" that "good and sufficient cause exists" for the termination.  Aplt. App. at 56.

A year and a half prior to the termination in August, 2017, Plaintiff had been given a single written discipline limited to some issues stated therein.  Aplt. App. at 27, 125-126.  This write-up did warn that further infractions, due to the serious and damaging nature of the ones listed there, might result in discipline that might include termination.  Aplt. App. at 27.

One of the matters raised in the August, 2017, write-up was whether Plaintiff should be working regular shifts on the fire truck.  Aplt. App. at 27.  After that, Plaintiff explained why that would not work, but the city manager never

got back with him on that and, in fact, never mentioned it again.  Aplt. App. at 30-32, 117.  Another issue had to do with how compensatory time was recorded.  Aplt. App. at 27.  There were some follow-up discussions about "the whole issue", referring to how compensatory time was to be reported.  Aplt. App. at 35-37.  But after the August 31, 2017, write-up, other than these two things, there was never a time that Plaintiff and the city manager, Melanie Carrick, sat down and went through the items that had been complained about.  Aplt. App. at 37.

In spring, 2018, Plaintiff had preliminary discussions with the city manager which included proposed changes to the job description of a fire chief.  Aplt. App. at 37-43, 49-50.

In March, 2019, as a result of conflicts within and between the fire and the EMS departments, there were some discussions between the city manager and some lower level employees about morale.  Aplt. App. at 51-55.  But this was not communicated to Plaintiff–the employees claimed fear of retaliation.  Aplt. App. at 90-91.

Also in March, 2019, there were some employee scheduling issues which Plaintiff and the city manager met to work out.  Aplt. App. at 55.

Then Plaintiff was terminated in April, 2019.   Aplt. App. at 56.

Plaintiff described his termination meeting: he went into the room and the city manager gave him the termination letter; Plaintiff read it and asked "why?", and she said, "It's on the sheet," and he left, and that is all that was said.  Aplt. App. at 112-116.

Defendant agrees that any post-termination hearing that Plaintiff had consisted only in the above:

Q.     Explain that to us.

A.     [Plaintiff] came -- I had him come into my office.  He was terminated. He had an opportunity to speak.  That is post, after the termination. Yes, he had his --

Aplt. App. at 87.  Plaintiff was not offered any opportunity to appeal once he received his termination.  Aplt. App. at 118.

Nor was Plaintiff given any pre-action procedure: the city manager had private communications with Plaintiff's subordinates, of which Plaintiff was not told.  This was the apparent impetus to the termination decision in April, 2019. Aplt. App. at 140.  Then the city manager had Plaintiff come to her office and she gave him the termination letter, and this was apparently his opportunity to speak, as above set forth.  However, as appears from the termination letter, none of the grounds for termination or evidence for them is anywhere mentioned.  Aplt. App. at 56.  What infractions Plaintiff might have been charged with, what evidence the

4

charges were based upon, and any chance to explain or discuss same were never given. Aplt. App. at 30-32. When Plaintiff asked why, he was told to see the thin letter. Aplt. App. at 56, 112.

Laws and Policies

Oklahoma provides for home rule charters.

11 O.S. § 13-101 provides:

> Any city or town containing a population of Two Thousand (2,000) inhabitants or more, as shown by the latest federal census or other census recognized by the laws of Oklahoma, may frame a charter for its own government.

11 O.S. § 13-109 provides:

> Whenever a charter is in conflict with any law relating to municipalities in force at the time of the adoption and approval of the charter, the provisions of the charter shall prevail and shall operate as a repeal or suspension of the state law or laws to the extent of any conflict.

11 O.S. § 1-102(1) provides in pertinent part:

> Once a municipal charter has been adopted and approved, it becomes the organic law of the municipality in all matters pertaining to the local government of the municipality and prevails over state law on matters relating to purely municipal concerns...

The City of Nowata has adopted a charter. Aplt. App. at 57-59. It also contains the language that the provisions of the charter operate as a repeal or suspension of any state law to the extent of any conflict therewith. Aplt. App. at

5

58.  The charter gives the city manager the power and duty to appoint and remove all Heads of Departments and also subordinate officers and employees of the City, but does not include language to remove employees for the good of the service. Aplt. App. at 59.

11 O.S. § 29-104 provides that the chief and members of all paid municipal fire departments shall hold their respective positions unless removed "for a good and sufficient cause" as provided by applicable law or ordinance.

The city personnel manual, _not_ the charter, discusses at will employment. Aplt. App. at 63-65, 67.  There is no process for either pre-termination or post-termination review.  Aplt. App. at 65-68.  And, as indicated in the section above, Plaintiff received none.

## SUMMARY OF THE ARGUMENT

11 O.S. § 29-104 protected Plaintiff's job, except for good and sufficient cause.  Although the City Charter may designate the city manager as the person to hire and  fire, the City Charter does _not_ set out the standard to be used in such determinations, nor contain language that provides that employees serve at will. Thus, the above statute is _not in conflict_ with the City Charter and Plaintiff had a protected interest in his job.

With a protected interest in the job, due process rights apply, since Plaintiff was in public sector employment. This requires a mix of pre- and post-termination procedures that protect the general area of due process–right to know of the charges, right to present evidence, a neutral arbiter, and so forth. Plaintiff was not given this panoply of rights, nor was there any provision in city procedure for Plaintiff to have same. Accordingly, Plaintiff's termination was without due process.

Finally, the trial court's determination that there was good and sufficient cause to terminate Plaintiff comes from its own weighing of the evidence, rather than trying to determine, as the trial court must on summary judgment, whether <u>any</u> reasonable fact-finder could come to a different conclusion. Because reasonable fact-finders could come to different conclusions, summary judgment on Plaintiff's termination under the cause standard is inappropriate.

## ARGUMENTS AND AUTHORITIES

## PROPOSITION I: Plaintiff Had a Property Interest in His Job.

<u>A. Standard of Review; Where raised in record.</u>

The court reviews a grant of summary judgment *de novo*, applying the same standards as used by the trial court. *Mock v. TG&Y Stores Co.,* 971 F2d 522 (10th Cir. 1992); *O'Shea v. Yellow Technology Services, Inc.,* 185 F3d 1093 (10th Cir.

1999).  Summary judgment is granted if the pleadings and evidentiary material on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  *Merrifield v. Board of County Commissioners,* 654 F3d 1073, 1077 (10th Cir. 2011).

Both the district court and this court must view the facts in a light most favorable to the non-moving party, Plaintiff.  *Ewing v. Amoco Oil Co.,* 823 F2d 1432 (10th Cir. 1987); *First National Bank of Bethany v. American General Fire & Casualty Co.,* 927 F2d 1126 (10th Cir. 1991).  In *Frohmader v. Wayne,* 958 F2d 1024 (10th Cir. 1992) the court said:

> In reciting the facts of this case, we view the evidence in the light most favorable to the non-moving party, as is appropriate when reviewing a grant of summary judgment.

Summary judgment can be granted only if no reasonable jury could find for the non-moving party.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  If there are factual disputes that require credibility determinations, summary judgment cannot be granted.  *Cottrell v. Kaysville City,* 994 F2d 730 (10th Cir. 1993).  If conflicting inferences can be drawn from the evidence, summary judgment is not appropriate.  *National Football Scouting, Inc. v. Continental Assurance Co.,* 931 F2d 646 (10th Cir. 1991).  This is because credibility determinations and the weighing of the

evidence are functions of the jury, not those of the judge. *Plotke v. White,* 405 F3d 1092 (10th Cir. 2005).

The determinative question in this proposition ultimately turns on legal issues, rather than on factual ones. Accordingly, this court's review is *de novo*. *Teva Pharmaceuticals USA, Inc. v. Sandoz, Inc.,* 574 U.S. 318, 328, 125 S.Ct. 831, 190 L.Ed.2d 719 (2015) (*de novo* review of legal conclusions is the ordinary standard for courts of appeals).

The relief of summary judgment is drastic and should be applied with caution so that litigants will have an opportunity for trial on *bona fide* factual disputes. *Redhouse v. Quality Ford Sales, Inc.,* 511 F2d 230, 234 (10th Cir. 1975). The moving party must demonstrate its entitlement to summary judgment beyond a reasonable doubt, or judgment should be denied. *Norton v. Liddel,* 620 F2d 1375, 1381 (10th Cir. 1980); *Trainor v. Apollo Metal Specialties,* 318 F3d 926 (10th Cir. 2002).

The issues in this proposition were brought to the attention of the trial court as found in the Aplt. App. at 72-78. These issues were addressed and ruled upon by the trial court in its order which granted summary judgment, as found in the Aplt. App. at 138-140.

B.  Plaintiff had a protected property interest in his job.

It is fundamental that an employee has a property right in public sector service employment if there are restrictions on the ability of the employer to terminate him.  *West v. Grand County,* 967 F2d 362, 366 (10th Cir. 1992) (termination only for cause or "for good and sufficient cause" creates a protected property interest).

Whether there is a protected property interest is determined by state law. *Bishop v. Wood,* 426 U.S. 341, 344, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976).  In the instant case, a requirement of "good and sufficient cause" is the opposite of at will employment.  *Lawton v. IUPA, Local 24,* 2000 OK Civ App 2, 996 P2d 954; *City of Durant v. Cicio,* 2002 OK 52, 50 P3d 218; *Hall v. O'Keffe,* 1980 OK 180, P2d 196; and *Wilson v. City of Tulsa,* 2004 OK Civ App 44, 91 P3d 673.

Plaintiff was a member of Defendant's fire department.  As such, 11 O.S. § 29-104 is applicable:

> [The chief]...of all paid municipal fire departments shall hold their respective positions *unless removed for a good and sufficient cause* as provided by applicable law or ordinance.

(Emphasis supplied.)  The trial court, however, saw this provision as overruled by 11 O.S. § 13-109:

> Whenever a charter is in conflict with any law relating to municipalities in force at the time of the adoption and approval of the

charter, the provisions of the charter shall prevail and shall operate as a repeal or suspension of the state law or laws to the extent of any conflict.

Aplt. App. at 138-139.  Under this provision, a state law passed before the charter may not be subject to it.  Section 29-104 was passed in 1978; when the charter was adopted is unknown in the record.

But there are two recognized exceptions to this suspension of state law. First, the state law is displaced <u>only</u> to the extent that it is "in conflict with" the charter and only "to the extent of any conflict."  Second, the suspension does not apply to areas of statewide interest.  If either of those exceptions applies, then § 29-104 is not displaced.  Both exceptions do apply here.

The trial court decision has as its basis that § 29-104 pre-dates the charter and further that the <u>charter</u> provides that all city employees are at will[1] and may be fired without notice, and thus that the charter and § 29-104 are in conflict, and Plaintiff would not meet the first exception.

_____

[1] The trial court said: "...because the Nowata's City Charter provides that all City employees are at will and may be fired with or without notice..."  Aplt. App. at 139.  As noted above and below, the charter does <u>not</u> say anything of the kind. However, earlier in the trial court's decision it *correctly* recites that the charter and ordinance designate the city manager as the person who hires and fires, but that the Personnel Manual is the only place that addresses at will.  Aplt. App. at 136.  The trial court's statement above, found at Aplt. App. at 139, is simply wrong.

11

There are several problems with the trial court's analysis and the trial court is incorrect that § 29-104 is not applicable herein.

First, as noted above, there is no finding that § 29-104 pre-dates the charter; so that the premise is not shown to result in the conclusion.

Second, the charter does <u>not</u> provide that city employees are at will, as stated by the trial court at Aplt. App. at 139. Charter section 26 is the relevant section. Aplt. App. at 136. This section of the charter is found at Aplt. App. at 59. Although the city manager is given the duty to appoint and remove employees under § 26B(2), it does not say that employees are at will.[2] There is also an ordinance, City Code § 2-302, relied on by the trial court for the city manager's authority. Aplt. App. at 136. This ordinance is found at Aplt. App. at 60-61. It duplicates the charter language and gives the city manager the power and duty to appoint and remove all employees. What neither of these says is that employees

_____

[2]It is significant that the charter and ordinance only say that the city manager is the person who acts, but do not say that employees are at will. Compare this charter provision with the Oklahoma statutory Council-Manager form of government. 11 O.S. § 10-113(1). Under this statutory form, the city manager shall "appoint, and when necessary for the good of the service, remove" employees. ("For the good of the service" is code for at will, just as "for good and sufficient cause" creates a property right. *Hall v. O'Keefe, 1980 OK 108,* ¶¶ 8-10, 617 P2d 196.) *Cicio, supra,* at ¶ 15 also notes that the Stillwater charter said city manager <u>and</u> at will, following the statutory language. Defendant's charter noticeably lacks the at will language these others have.

are employees at will; all the charter and ordinance do is designate the person who was to do the hiring and removing–they do not set the standard by which such hiring and firing is to be judged.  Finally, in this connection, although conflated by the trial court, there is the Personnel Manual of Defendant, which provides employees are at will.  Aplt. App. at 62-68.  This conflation is apparent by comparing Aplt. App. at 136 with Aplt. App. at 139.  However, the manual is neither the charter nor an ordinance so as to overcome the mandate of § 29-104.  Thus, the trial court was simply wrong in its finding that the charter provides that all city employees are employees at will.

Third, because neither the charter nor the ordinance provide that the employees are at will and because the charter and ordinance merely designate the person who is to carry out the deed without setting the standard for the deed, § 29-104, which requires termination of the fire chief only for good and sufficient cause, is <u>not in conflict</u> with either the charter or the ordinance.  And, pursuant to § 13-109, the for-cause protection would be overridden only "to the extent" that there was a conflict.  But because there is no conflict, then § 29-104 is not superceded.

The second exception is a trump card even over city home-rule charters: as the trial court recognized, to the extent that the state statute is a matter of statewide interest, then the statute is not trumped by the city charter.  Aplt. App. at 139.  11

O.S. § 1-102(1) provides the charter prevails over state law on matters relating to "purely municipal concerns"; state law is still applicable otherwise. *City of Chickasha v. Arkansas Louisiana Gas Co.,* 1981 OK Civ App 5, ¶¶ 5, 7, 625 P2d 638 (reading § 1-102 in conjunction with 11 O.S. § 13-109 per footnote 4 and ¶ 7, and overcoming the apparent categorical position of § 13-109).

The Supreme Court has held on numerous occasions that firefighter and police statutes <u>are</u> not matters of merely municipal concern, but are of statewide interest. *Cicio, supra*, at ¶ 17 (the Supreme Court[3] has "determined that police and fire protection is unquestionably a matter of statewide interest").

In sum, both exceptions to displacing state law are present here; § 29-104 applies to Plaintiff's employment. Based on the foregoing, this court should determine the trial court erred in determining that Plaintiff did not have a property interest in his employment.

---

[3]The trial court pooh-poohed this statement as dictum. Aplt. App. at 139. But the *Cicio* court follows this language up with analyses of three cases that so held. This is hardly dictum. And it is certainly persuasive. *U.S. v. Badger*, 818 F3d 563, 569 (10th Cir. 2016).

**PROPOSITION II: The Trial Court Erred in Determining That Plaintiff Had Received All the Process He Was Due and That He Was Properly Terminated.**

A.  Standard of Review; Where raised in record.

The court reviews a grant of summary judgment *de novo*, applying the same standards as used by the trial court.  *Mock v. TG&Y Stores Co.,* 971 F2d 522 (10th Cir. 1992); *O'Shea v. Yellow Technology Services, Inc.,* 185 F3d 1093 (10th Cir. 1999).  Summary judgment is granted if the pleadings and evidentiary material on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  *Merrifield v. Board of County Commissioners,* 654 F3d 1073, 1077 (10th Cir. 2011).

Both the district court and this court must view the facts in a light most favorable to the non-moving party, Plaintiff.  *Ewing v. Amoco Oil Co.,* 823 F2d 1432 (10th Cir. 1987); *First National Bank of Bethany v. American General Fire & Casualty Co.,* 927 F2d 1126 (10th Cir. 1991).  In *Frohmader v. Wayne,* 958 F2d 1024 (10th Cir. 1992) the court said:

> In reciting the facts of this case, we view the evidence in the light most favorable to the non-moving party, as is appropriate when reviewing a grant of summary judgment.

In *Tademy v. Union Pacific Corp,* 520 F3d 1149, 1158 (10th Cir. 2008), this court chastised the trial court for accepting the moving party's version of the facts, because all inferences must be drawn in favor of the non-moving party.

15

In *Tolan v. Cotton,* 572 U.S. 650, 134 S.Ct. 1861, 88 L.Ed.2d 895 (2014), the majority noted that the court is supposed to take all facts in a light most favorable to the opponent to summary judgment. The majority noted that the Fifth Circuit set out this standard, but then that it did not, in fact, follow it, rather taking the facts in a light most favorable to the moving defendants. Compare *Maryland v. Kulbicki,* 577 U.S. 1, 136 S.Ct. 2, 193 L.Ed.2d 1 (2015), again objecting that the lower court had applied the appropriate standard "in name only". The dispute within the Supreme Court, as set forth by the minority in the *Tolan* concurrence, noted that the Supreme Court does not usually review erroneous factual findings or misapplication of a properly stated rule of law because error correction is outside the mainstream of the court's functions and that this kind of non-application of a properly-stated rule is so common that it is beyond the ability of one court to control. The court in *Tolan* moved outside the mainstream of its functions to emphasize to the lower courts their duty.

Plaintiff emphasizes this issue because, as shown below, the trial court did just what the lower courts in *Tolan* had done and the Supreme Court criticized–take facts in a light more favorable to the moving party.

Summary judgment can be granted only if no reasonable jury could find for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If there are factual disputes that require

16

credibility determinations, summary judgment cannot be granted. *Cottrell v. Kaysville City,* 994 F2d 730 (10th Cir. 1993). If conflicting inferences can be drawn from the evidence, summary judgment is not appropriate. *National Football Scouting, Inc. v. Continental Assurance Co,* 931 F2d 646 (10th Cir. 1991). This is because credibility determinations and the weighing of the evidence are functions of the jury, not those of the judge. *Plotke v. White,* 405 F3d 1092 (10th Cir. 2005).

The relief of summary judgment is drastic and should be applied with caution so that litigants will have an opportunity for trial on *bona fide* factual disputes. *Redhouse v. Quality Ford Sales, Inc.,* 511 F2d 230, 234 (10th Cir. 1975). The moving party must demonstrate its entitlement to summary judgment beyond a reasonable doubt, or judgment should be denied. *Norton v. Liddel,* 620 F2d 1375, 1381 (10th Cir. 1980); *Trainor v. Apollo Metal Specialties,* 318 F3d 926 (10th Cir. 2002).

The issues in this proposition were brought to the attention of the trial court as found in the Aplt. App. at 72-78. These issues were addressed and ruled upon by the trial court in its order which granted summary judgment, as found in the Aplt. App. at 138-140.

B.  Plaintiff did not receive all process to which he was due.

At Aplt. App. at 140 the district court held that Plaintiff had received all the process to which he was due.  The trial court's analysis is that a year and a half prior to termination, Plaintiff received a write-up which made him "aware" that any further infractions could lead to disciplinary action–including termination–against him.  For the next year and a half, the city manager continued to address items listed in the written reprimand.  Plaintiff failed to work a shift on a fire truck.[4]  And, just before terminating Plaintiff, the city manager learned that there were "other issues".  As a result, the court determined as a matter of law that the termination was for good and sufficient cause.  Aplt. App. at 140.

It is to be noted that there is here precious little analysis in the trial court's single, half-page paragraph as to what process was due and whether Plaintiff received same.  The trial court order does attempt to make some analysis of the pre-termination process–Plaintiff had been written up a year and a half before and during the succeeding time the city manager continued to address the items in the

---

[4]Plaintiff notes that in the two pages of small print detailing the Fire Chief Position Description, he may do Incident Management or train fire fighters, but fire suppression–working on the fire truck–is <u>not</u> one of his 20+ duties, either as originally written or with Defendant's proposed, handwritten changes.  Aplt. App. at 38-41, 49-50.

written reprimand.  This is the totality of the process the trial court says Plaintiff received.

This latter as to "continued-to-address" (Aplt. App. at 140) discussion is, of course, contested–Plaintiff produced evidence that there was a single discussion about working on the fire truck and Plaintiff indicated why it would be a problem; the city manager never got back with him or mentioned it again.  The only other thing that was discussed arising out of the 2017 write-up was the issue of handling compensatory time, which appears to have been a continuing question of how to do it, which issue was never resolved.  Aplt. App. at 35-37.  The trial court's factual finding on the evidence is not faithful to the requirements that all facts are to be considered in a light most favorable to Plaintiff and that disputes are for the jury.

Finally, the trial court's last prong of due process discusses the city manager meeting with fire department employees and learning of issues, none of which were ever brought to Plaintiff's attention.  How this satisfies the process requirement due to Plaintiff is unclear.

Pre-termination proceedings are governed by *Cleveland Board of Education v. Loudermill,* 570 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), and its progeny.  Typically, a pre-termination process would consist of telling the employee what he is charged with, describing the evidence against him, and giving

19

him a chance to respond. *Riggins v. Goodman,* 572 F3d 1101, 1108 (10th Cir. 2009).  Plaintiff was, on the contrary, brought in, apparently out of the blue, and given a termination letter.  Aplt. App. at 112-116.  There was no evidence that he was told pretermination about his fire department employees complaining about him, which was, after all, the impetus[5] to the termination.  So, taking the evidence in a light more favorable to Plaintiff, the instigating factor that caused Plaintiff's termination–the complaints of his subordinates–was neither brought to his attention, described, nor was he given a chance to respond.  After Plaintiff was given his termination letter, any "opportunity to speak" (Aplt. App. at 87), not knowing what the charges were or what the evidence was, did not create an opportunity to speak to <u>those</u> things.   Accordingly, the requirements of *Loudermill* and its progeny have not been met.

Further, the cases note there is constitutional interplay between pre- and post- termination proceedings:  The more robust the pre-termination proceedings,

---

[5]Clearly, Plaintiff was not terminated for what happened up to the time of the August, 2017, write-up.  That paper specifically says that it would be <u>further</u> infractions that would cause more discipline.  Aplt. App. at 27.  What <u>further</u> infractions there may have been after that are not detailed anywhere, either at the termination meeting nor in the summary judgment motion. Since the termination followed hard upon the heels of the complaints by subordinates, even the trial court seems to take that as the direct impetus to the termination. Aplt. App. at 137.  It was the only material fact that even occurred in 2019 and was within a month of the termination.  Cf.  *Anderson v. Coors Brewing Company,* 181 F3d 1171 (10th Cir. 1999) (retaliation inferrable from action within 1 ½ months).

the less robust the post-termination proceedings need be.  And the more robust the

post-termination proceedings, the more informal and nebulous need be the pre-

termination proceedings. *Barnthouse v. City of Edmond,* 2003 OK 42, ¶ 18, 73

P3d 840; *Powell v. Mikulecky*, 891 F2d 1454, 1459, 1462 (10th Cir. 1989); *West,*

*supra,* at 368-369; *Seibert v. State ex rel. OU Health Sciences Ctr.*, 867 F2d 591

(10th Cir. 1989); *Benavidez v. City of Albuquerque,* 101 F2d 620, 626f (10th Cir.

1996).  Post-termination proceedings generally consist of such things as notice of

the charges, ability to call witnesses, ability to confront witnesses, a neutral fact-

finder, counsel, and so forth–the standard due process that our system of

jurisprudence follows.  See, *e.g.*,  *Riggins, supra,* at 1112 (impartial tribunal);

*Powell, supra,* at  1459-60 (call witnesses, neutral arbiter); *West, supra,* at 369-

370 (counsel, witnesses, confrontation, impartial arbiter); *Benavidez, supra,* at 627

(counsel, present evidence, cross-examination).

Here, however, there is <u>no</u> provision for <u>any</u> post-termination proceedings.

See the Personnel Manual, Article 9 on discipline and termination.  Aplt. App. at

65-68. Nor was Plaintiff afforded any post-termination remedies–nor ability to

find out who had said things about him that instigated the termination; no way to

know what he was being charged with; and no opportunity to present evidence to a

neutral arbiter; and so forth.

Thus, whether the court analyzes this as a failure of due process at the pre- or post- termination stage, it is clear that in the <u>combination</u> of the two, due process has not been met for the deprivation of the property right–the termination of Plaintiff from his fire chief position.

## C.  The trial erred in determining as a matter of law Plaintiff was terminated for cause.

The trial court's order concludes that there is no property right, something shown to be in error in Proposition I above.  The court says, however, that even if there was a property right, then due process has been met <u>because</u> Plaintiff was terminated for good and sufficient cause.  Aplt. App. at 140.

This conflates[6] the process due with the cause determination.  But the <u>process</u> by which a decision is made is entirely separate from the <u>substance</u> of the decision.

The trial court seems to conclude, in its determination of the facts, that Plaintiff was terminated for good and sufficient cause because he had been disciplined a year and a half before he was terminated, and there was some limited discussion of the some of the items during the next year and a half (without any evidence that they were still continuing to be violated; only that they were

---

[6]This mirrors the trial court's conflating of the process by which a person is terminated–through the city manager–with the standard the city manager is to use to make that decision–at will vs. for good and sufficient cause.

discussed), plus upon the current information found out by the city manager from Plaintiff's subordinates.

Plaintiff's position on this point is this: although such <u>might</u> be upheld as good and sufficient cause by some fact-finders, the termination <u>might not</u> be upheld by other fact-finders. And, since the trial court must take the facts more favorably to Plaintiff in trying to determine if any reasonable person could find that he was terminated other than for cause, a finding that a cause decision was viable misses the point and is error by the trial court.

Rather, what the trial court would have to find in order to grant summary judgment on the question of whether Plaintiff was discharged for good and sufficient cause is that <u>no</u> reasonable person could find <u>other than</u> that there was cause for Plaintiff to be terminated. *Anderson, supra.* Given the wide variety of arbitrable[7] decisions out there, this is not a sustainable position. Some decisions that have been reported through the court appellate system are below and compared with Plaintiff's claimed transgressions.

---

[7]Plaintiff refers to labor arbitration because the question of just cause in reported decisions is most widely found in the arbitrable decisions; appellate courts only rarely deal with such situations.

One of the widely used tests for determining just cause[8] is the seven part analysis developed by Arbitrator Daugherty in *Enterprise Wire Co.*, 46 LA 395 (1966). It is noted that the trial court in determining that no reasonable fact-finder could find a lack of cause does not address but a couple of these seven factors.

In *First National Supermarkets, Inc. v. Retail, Wholesale and Chain Store Food Employees,* 118 F3d 892 (2d Cir.1997), the appellate court upheld an arbitration award that reinstated a terminated employee who came to work on drugs and drunk and with a gun. Certainly, what Plaintiff is accused of doing is much less than that. And yet, in *First National Supermarkets,* the termination was held to lack just cause.

In *City of Owasso v. FOP, Lodge 149,* 2014 OK Civ App 75, 336 P3d 1023, video evidence showed that the employee had arrested a man, whereupon he stepped upon his head, struck him in the face with his elbow or the back of his arm three times, and then the arrestee had bruises. The policeman was fired for excessive[9] force. The arbitrator reinstated the employee and this was upheld on appeal. Certainly, what the policeman did was more egregious than what Plaintiff is accused of doing.

---

[8]"Good and sufficient cause" and "just cause" are interchangeable terms. *City of Tulsa v. FOP, Lodge 93,* 2016 OK Civ App 4, ¶ 11, 365 P3d 82.

[9]The perp was, after all, already in custody when the acts occurred.

24

The above examples merely serve to illustrate the trope that cause is in the eye of the beholder.  Since the trial court was limited to deciding the issue only if no reasonable person could decide the other way, then the trial court's finding overstepped his role.

## CONCLUSION

Based on the foregoing, Plaintiff submits that he had a property interest in his job which was not protected by the process that was due him.  Further, the trial court erroneously determined as a matter of law that no reasonable jury could find that Defendant lacked cause to terminate Plaintiff.  Based on the foregoing, Plaintiff submits that the trial court decision is in error.

WHEREFORE, premises considered, Plaintiff prays that this court reverse the decision of the trial court and remand this matter for a trial on the merits.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant requests oral argument in this matter.  He believes that oral argument will help the court sort through the factual and legal issues involved.

## CERTIFICATE OF COMPLIANCE

As required by FRAP 32(a)(7)(B), I certify that this brief is proportionally spaced and contains 5,669 words.

I relied on word processing to obtain the count and it is WordPerfect X4.

I certify that the information on this form is true and correct to the best of my knowledge and belief formed after a reasonably inquiry.

Respectfully submitted,

FRASIER, FRASIER & HICKMAN, LLP

By:     */s/Steven R. Hickman*
Steven R. Hickman, OBA #4172
Frank W Frasier, OBA #17864
1700 Southwest Blvd.
Tulsa, OK 74107
Phone: (918) 584-4724
Fax: (918) 583-5637
E-mail: frasier@tulsa.com
*Attorneys for Plaintiff/Appellant*

## CERTIFICATE OF DIGITAL SUBMISSION
## AND PRIVACY REDACTIONS

I hereby certify that a copy of the foregoing Brief in Chief of Appellant, as submitted in Digital Form via the court's ECF system, is an exact copy of the written document filed with the Clerk and has been scanned for viruses with the Sophos Anti-Virus, Version 10.8.11.3 VE3.74.0, updated 6 December, 2021, and, according to the program, it is free of viruses.  In addition, I certify all required privacy redactions have been made.

By:    */s/Steven R. Hickman*
       Steven R. Hickman

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Brief in Chief of Appellant was furnished through (ECF) electronic service to the following on this 6th day of December, 2021:

Thomas A. LeBlanc
Emily Wilson
Jessica L. Foutch
***Attorneys for Defendant/Appellee***

By:    */s/Steven R. Hickman*
       Steven R. Hickman